1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA- SOUTHERN  DIVISION

MARY ROACH,                                             )        No. SACV: 08-434 SH
                                                        )
                              Plaintiff,                )        MEMORANDUM DECISION
                                                        )
              v.                                        )
                                                        )
MICHAEL J. ASTRUE,                                      )
Commissioner of Social Security                         )
Administration,                                         )
                                                        )
                              Defendant.                )
                                                        )
_____ )

## I. Proceedings

This matter is before the Court to review the Administrative Law Judge's
("ALJ") denial of Plaintiff's application for Disability Insurance Benefits ("DIB")
benefits.  Plaintiff and Defendant have filed their respective pleadings and the
parties have filed a Joint Stipulation dated January 30, 2009. The parties have
consented to the jurisdiction of the Magistrate Judge.

1

2                           II.  Background

3

4        On October 26, 2005, Plaintiff, Mary Roach, filed a Title XVI application

for supplemental security income ("SSI") and protectively filed a Title II

5    application for DIB.  Plaintiff alleged disability beginning October 5, 2000, due to

6    a history of right lateral epicondylitis and borderline intellectual functioning (AR

7    31).  The claims were denied initially and upon reconsideration, and Plaintiff filed

8    a timely request for a hearing on November 1, 2006. (AR 30).  The hearing was

9    held in Orange, California on July 18, 2007, before an ALJ. (AR 325).  The ALJ

10   denied benefits to Plaintiff on August 24, 2007, on the grounds that Plaintiff's

11   limitations did not prevent her from performing past relevant work as a

12   housekeeper and nurse's aide.  (AR 9-16).  The Appeals Council denied review of

13   the decision.  (AR 2).  On March 21, 2008, Plaintiff filed with the Court.  The

14   matter has been taken under submission.

15

16                          III.  Discussion

17   1.  Standard of Review

18        Under 42 U.S.C. § 405(g)(1998), the court reviews the Commissioner's

19   decision to determine if: (1) the Commissioner's findings are supported by

20   substantial evidence; and (2) the Commissioner used proper legal standards.

21   DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence

22   means "more than a mere scintilla", Richardson v. Perales, 402 U.S. 389, 401

23   (1971), but "less than a preponderance." Desrosiers v. Secretary of Health &

24   Human Servs., 846 F.2d 573, 576 (9th Cir. 1988).

25        This court cannot disturb the Commissioner's findings if those findings are

26   supported by substantial evidence, even though other evidence may exist which

27   supports plaintiff's claim.  See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir.

28

1   1973), cert. denied, Torske v. Weinberger, 417 U.S. 933 (1974); Harvey v.

2   Richardson, 451 F.2d 589, 590 (9th Cir. 1971).  The court is required to uphold the

3   decision of the Commissioner where evidence is susceptible to more than one

4   rational interpretation.  Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984).

5   2.  The ALJ properly rejected Dr. Lee's findings

6          Plaintiff contends that the ALJ failed to give proper weight to the findings of

7   the non-examining State Agency physician's mental residual functional capacity

8   assessment.  Pursuant to 20 C.F.R. § 416.927(d)(1), more weight should be given

9   to the opinion of a source who has examined the Plaintiff than one who has not.

10  See Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990) (non-examining

11  physician's conclusion entitled to less weight than that of examining physician).

12         In the case at hand, the ALJ gave greater weight to the opinion of examining

13  physician Dr. Townsend than to Dr. Lee, a non-examining physician.  (AR 15).

14  The ALJ noted that Dr. Lee imposed greater limitations on Plaintiff than the

15  examining physician, including moderate limitations in her ability to understand

16  and carry out detailed instructions, maintain attention for extended periods of time,

17  work with others without being distracted by them, respond appropriately to

18  criticism from supervisors, get along with co-workers, and set realistic goals or

19  make plans independent of others (AR 185-201).  (AR 14-15).  On the other hand,

20  the examining psychologist found that Plaintiff could understand simple and

21  detailed instructions and could complete a full day's work without interruption

22  from psychiatric symptoms.  (AR 209).

23         The ALJ specifically stated his choice to give greater weight to the opinion

24  of Dr. Townsend due to support from objective medical findings.  (AR 15).  Dr.

25  Townsend administered five psychological tests and based her findings on the

26  results of these tests and her interactions with Plaintiff.  (AR 204).  Additional

27  support for Dr. Townsend's opinion is found in Dr. Jacob's review, which states

28

1 his agreement that Plaintiff can complete the simple work she did in the past.  (AR

2 183).  Dr. Lee however, relied merely on Plaintiff's file in finding greater

3 limitations on the Plaintiff than those found by the examining physician.  (AR

4 185).   Dr. Lee's opinion was not supported by other evidence in the record.  (AR

5 15).

6 　　　　　Where a diagnosis of a non-examining physician is based in part on the self-

7 reporting of an unreliable person, the ALJ can accord that diagnosis less weight.

8 See Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995).  Here, the ALJ gave

9 specific reasons for questioning Plaintiff's credibility with regard to her subjective

10 symptoms.  (AR 15).  The ALJ pointed to Plaintiff's conviction of welfare fraud

11 and lack of medication to alleviate pain that would significantly impair Plaintiff's

12 ability to work.  Id.  The record also includes evidence that Plaintiff emphasized

13 her disabilities and put forth a low level of effort during a mental examination.  (AR

14 204-08).  In relying on Plaintiff's file, Dr. Lee looked to reports that included

15 Plaintiff's own allegations of developmental delays and depression.  (AR 175).

16 Thus, the ALJ had grounds to give less weight to the opinions of Dr. Lee which

17 were summary conclusions derived from evidence in Plaintiff's file.  (AR 185).

18 　　　　　Therefore, the ALJ's decision to adopt the opinion of the examining

19 physician regarding Plaintiff's metal limitations over that of the non-examining

20 physician was proper and based on substantial evidence.

21
22 3. The ALJ properly determined that Plaintiff could perform past relevant work

23 　　　　　A claimant is not disabled where they retain the residual functional capacity

24 to perform the physical and mental requirements of work performed in the past.  20

25 C.F.R. § 404.1520(e).  The burden of proof that claimant cannot perform past

26 relevant work lies with the claimant.  Pinto v. Massanari, 249 F.3d 840, 844 (9th

27 Cir. 2001). Evidence that a claimant can perform a previous job as performed or

28 the same kind of work as it is customarily performed is a sufficient basis for a

1    finding of not disabled.  SSR 82-62.  *See also* <u>Pinto</u>, 249 F.3d at 843.  Plaintiff

2    contends that the ALJ improperly determined that Plaintiff could perform past

3    work as a nurse's aide; however, the ALJ relied on Plaintiff's description of her

4    past work and the opinion of the vocational expert ("VE") in properly determining

5    that Plaintiff had the residual functional capacity to perform her past work as a

6    nurse's aide and housekeeper.

7          In order to ascertain whether a claimant has the residual functional capacity

8    to perform past relevant work, the Commissioner must compare the demands of the

9    former work with claimant's current capacity.  <u>Villa v. Heckler</u>, 797 F.2d 794, 797-

10   98 (9th Cir. 1986).  Here, there was substantial evidence for the ALJ's

11   determination that Plaintiff was capable of medium work, physically, and simple

12   repetitive tasks, mentally.  (AR 183, 209, 257-64).  At the hearing, a vocational

13   expert ("VE") testified to the requirements of Plaintiff's past relevant work.  (AR

14   340-41).  The VE also testified that based on the Dictionary of Occupational Titles

15   (DOT), Plaintiff's past work as a housecleaner was unskilled and required medium

16   work activity.  <u>Id.</u>  In addition, while the VE noted that the DOT classified the

17   work of a nurse's aide as medium, semi-skilled, the VE concluded that Plaintiff's

18   description of her work indicated her position as a nurse's aide was unskilled.  (AR

19   341).  At the hearing, Plaintiff testified that she would clean up patients and put

20   bibs on them when they would eat and that the position did not require any lifting

21   or carrying.  (AR 339).  Plaintiff also stated that she left the job in order to move

22   with her sister, not because she could not understand instructions or work well with

23   others.  <u>Id.</u>  Relying on the VE's opinion that Plaintiff's previous work as a nurse's

24   aide was unskilled, the ALJ found that Plaintiff would have the ability to perform

25   her past work as it had been previously completed.  <u>See</u> SSR 82-61.  (AR 15-16).

26         The ALJ concluded that Plaintiff had the residual functional capacity to

27   perform medium work that consisted of simple, repetitive tasks and thus Plaintiff

28

1    had the ability to perform past relevant work as a housekeeper and nurse's aide

2    which was determined by the VE to be medium and unskilled.

3

4    4.   The VE was presented with a complete hypothetical

5           The Ninth Circuit has held that hypothetical questions posed by the ALJ to a

6    VE must set out all of the particular claimant's limitations and restrictions.

7    Embrey v. Brown, 849 F.2d 418, 423.  The hypothetical must be detailed, accurate,

8    and supported by the medical record.  Gamer v. Secretary of Health & Human

9    Servs., 815 F.2d 1275, 1279-80 (9th Cir. 1987).  However, the ALJ's failure to

10   include all of a claimant's impairments in the hypothetical may be cured if

11   claimant's attorney asks the proper hypothetical question of the VE.  Varney v.

12   Secretary of Health & Hum. Servs., 859 F.2d 1369, 1401 (9th Cir. 1988) (case will

13   not be remanded merely to allow the ALJ to make specific findings); Gallant v.

14   Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984) (record was complete where ALJ had

15   posed an incomplete hypothetical question to VE but cross-examination included

16   all claimant's limitations).

17          Here, the ALJ posed a hypothetical in which the person could perform

18   medium work generally with frequent but not constant uses of all areas of the right

19   arm, limited to simple repetitive tasks. (AR 341).  This hypothetical left out the

20   limitations in accepting instructions and borderline intellectual functioning found

21   by Dr. Townsend (AR 209), which were addressed in the ALJ's decision and

22   supported by the record (AR 12, 14, 209).  However, Plaintiff's counsel proceeded

23   with cross-examination of the VE and included in the hypothetical both Plaintiff's

24   limited cognitive ability and inability to accept instructions well.  (AR 341).

25          Faced with a complete hypothetical which included all of Plaintiff's

26   limitations supported in the record, the VE found that the limitations raised by

27   Plaintiff's counsel would not pose a problem unless they were severe.  (AR 341-

28   42).  Here, no physician found that Plaintiff was more than moderately limited in

1   the ability to accept instructions. (AR 186, 209). The VE also testified that poor

2   memory and concentration would not affect work that consisted of simple

3   repetitive tasks. (AR 342). Plaintiff's counsel raised limitations which were

4   supported by the record, creating a complete record upon which the ALJ could

5   decide on Plaintiff's disability status. See Gallant, 753 F.2d at 1456. Remand is

6   not necessary where the record is complete simply to allow the ALJ to ask

7   questions which were asked by Plaintiff's counsel. See Varney, 859 F.2d at 1401.

8        While the ALJ in this case did not state a complete hypothetical, the

9   questions posed by Plaintiff's counsel included the rest of Plaintiff's medically

10  supported limitations (AR 341). Taking the questions of the ALJ and Plaintiff's

11  counsel together, the VE concluded that someone with Plaintiff's limitations would

12  not be precluded from performing past relevant work that was medium and

13  unskilled. (AR 341-42). Thus, the ALJ relied on substantial evidence in

14  concluding that Plaintiff was not disabled and remand is not necessary.

15

16                          IV. Order

17       For the foregoing reasons, the ALJ's opinion is affirmed and Plaintiff's

18  complaint is dismissed.

19

20
    Date:    July 30, 2009
21
                              _____/s/_____
22                            STEPHEN J. HILLMAN
                              UNITED STATES MAGISTRATE JUDGE
23

24

25

26

27

28